```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MILDRED E. RIVERA,

            Plaintiff,

    -v-                                                    No.  11 Civ. 7469 (LTS)(DF)

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

            Defendant.
-------------------------------------------------------x
```

## ORDER

Plaintiff Mildred Rivera ("Plaintiff") claims that she suffers from various physical and mental ailments that entitle her to Supplemental Security Income ("SSI") benefits. The Commissioner of the Social Security Administration ("Defendant" or the "Commissioner")[1] denied Plaintiff SSI benefits on the ground that Plaintiff's impairments did not constitute a disability under the Social Security Act (the "Act"). Plaintiff filed this case seeking review of the decision of the Administrative Law Judge ("ALJ"). The Defendant then moved, pursuant to Federal Rule of Civil Procedure 12(c), to affirm the ALJ's decision and the Plaintiff cross-moved for judgment on the pleadings reversing the ALJ's decision.

On April 4, 2014, Magistrate Judge Debra Freeman issued a Report and Recommendation (the "Report"), which concluded that the Defendant's motion should be denied and the case should be remanded for further proceedings with specific directions given to the ALJ. In her Report, Judge Freeman advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)

---

[1] The complaint in this action named Michael J. Astrue as the defendant. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to correct the caption to reflect the name of the current acting Commissioner, as shown above.

and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. (Report at 77.) Neither party has filed objections and the time to do so has expired.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. See 28 U.S.C. § 636(b)(1)(C). Where a party files a timely written objection to a magistrate judge's report and recommendation, a district court must review the contested issues de novo. See Arista Records LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (citing Fed. R.Civ.P. 72(b)(2)). However, when no timely objections have been made or where a "party makes only conclusory or general objections, or simply reiterates the original arguments," the court must review the report only for clear error. Pinkney v. Progressive Home Health Servs., No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

Here, because neither party has objected to the Report, the Court reviews it only for clear error. Having reviewed Judge Freeman's thorough and well-reasoned seventy-seven page Report, the Court finds no such error.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Freeman's Report in its entirety. The case is remanded to the Social Security Administration for further proceedings. Upon remand, the ALJ is directed to:

> (i) to issue a follow-up request for the records of Drs. Bathija and Brelsau, in accordance with 20 C.F.R. § 416.912(d)(1);
>
> (ii) to develop the record to the extent necessary to clarify the ambiguities in the reports of Drs. Meadow, Harding, and Akresh, as well as the agency consultant N. Wade Hull (as explained in Judge Freeman's Report);
>
> (iii) to disregard the portions of Dr. Harding's report that relate to records of an

individual other than Plaintiff;

(iv) to clarify his reliance on select portions of the reports of Drs. Bathija and Breslau, to make an explicit finding as to what weight he accords these doctors' opinions, and otherwise to evaluate these opinions in light of the factors listed in 20 C.F.R. § 416.927(c)(2);

(v) to clarify his findings with respect to Plaintiff's ability to travel and interact with supervisors and co-workers;

(vi) to provide support for his findings, or any new finding, regarding any restrictions on Plaintiff's ability to function as a result of Plaintiff's severe impairments and to reconcile these findings with the opinion evidence on which he relies; and

(vi) to incorporate into hypothetical questions posed to a vocational expert all functional limitations that the ALJ finds the Plaintiff to have, including any limitations caused by mental impairments.

Following such further proceedings, the ALJ must modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with this Court any such additional and modified findings of fact and decision, in accordance with sentence 6 of 42 U.S.C. § 405(g).  The Court retains jurisdiction over this action. This Order resolves docket entry numbers 17 and 25.

The Clerk is directed to place this action upon the Suspense Docket pending further order of the Court.  Plaintiff shall report to the Court and all parties in writing, on January 1, 2015, and on July 1, 2015, and every 90 days thereafter as necessary, as to the status of the case.

SO ORDERED.

Dated: New York, New York
       May 15, 2014

     /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge